An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JACOB DANIEL SANCHEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61793



FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a jury verdict of conspiracy to commit robbery, robbery with the use of a deadly weapon, attempted robbery with the use of a deadly weapon, and first-degree murder with the use of a deadly weapon. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

First, appellant Jacob Daniel Sanchez contends that insufficient evidence supports his convictions because his accomplices' testimony was not corroborated by independent evidence and was therefore inadmissible. "The evidence required to corroborate accomplice testimony need not, in itself, be sufficient to establish guilt. If the evidence, independent of the accomplice testimony, tends to connect the accused with the commission of the offense, then the corroboration requirement contained in NRS 175.291 is satisfied." *Ramirez-Garza v. State*, 108 Nev. 376, 379, 832 P.2d 392, 393 (1992). Here, independent evidence was presented that Sanchez, Luis Sanchez, and Jose Cruz were the suspects who robbed Billy Lin in Reno; Sanchez held the handgun and all three fled in a white sedan driven by someone else. Images of the suspects were later captured and recorded by surveillance cameras at the Carson City Wal-Mart. Sean Block recalled walking past four people

13-27670

sitting on a curb after he, Cassandra Niccoli, and Stephan Gale left a Reno club. He did not think much of it until a half a block later when he heard footsteps and a shout behind him and saw someone grab Niccoli's purse. Block identified Luis Sanchez as the person who hit him over the head when he went to Niccoli's aid. He observed the suspects flee in a white sedan. Niccoli identified Jose Cruz and Aurora Rodriguez as the people who approached her and tried to take her purse. A forensic investigator testified that she responded to the Reno Police Department to photograph four people who were possibly involved in the case. She identified these people as Sanchez, Luis Sanchez, Jose Cruz, and Aurora Rodriguez. We conclude that this independent evidence was sufficient to connect Sanchez to the commission of the offenses and thereby corroborate Luis Sanchez's and Aurora Rodriguez's testimony.

Second, Sanchez contends that the district court erred by admitting autopsy photographs depicting the murder victim's heart and liver into evidence because they were very graphic and not needed to explain the cause of death. "The admissibility of gruesome photographs showing wounds on the victim's body lies within the sound discretion of the district court and, absent an abuse of that discretion, the decision will not be overturned." *Flores v. State*, 121 Nev. 706, 722, 120 P.3d 1170, 1180 (2005) (internal quotation marks omitted). The record reveals that the district court conducted a hearing outside the presence of the jury to determine the admissibility of the photographs. The district court viewed the photographs, heard testimony from the forensic pathologist, considered the parties' arguments, and found that the photographs would assist the jury in determining a fact in issue. We conclude from this record that the district court did not abuse its discretion.

Third, Sanchez contends that the district court committed plain error by admitting evidence of unrelated crimes during the penalty phase of his trial. "The decision to admit particular evidence during the penalty phase is within the sound discretion of the district court and will not be disturbed absent an abuse of that discretion." *McKenna v. State*, 114 Nev. 1044, 1051, 968 P.2d 739, 744 (1998). "[E]vidence may be presented concerning aggravating and mitigating circumstances relative to the offense, defendant or victim and on any other matter which the court deems relevant to the sentence, whether or not the evidence is ordinarily admissible." NRS 175.552(3). "[E]vidence of unrelated offenses for which a defendant has not been convicted is admissible at a penalty phase unless it is dubious or tenuous or its probative value is substantially outweighed by the danger of unfair prejudice or the other concerns set forth in NRS 48.035." *Mason v. State*, 118 Nev. 554, 562, 51 P.3d 521, 526 (2002). We have reviewed the penalty hearing transcript and conclude that Sanchez has failed to demonstrate that the district court committed plain error in this regard. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (discussing plain-error review).

Having concluded that Sanchez is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Patrick Flanagan, District Judge
       Edward T. Reed
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk